UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 13-5135
(C.A. No. 12-1024)

KEVIN DELBERT,                                              Appellant,

    v.

ARNE DUNCAN, Secretary,
U.S. Department of Education, et al.,                       Appellees.

## MOTION FOR SUMMARY AFFIRMANCE

    Appellee, Arne Duncan, Secretary of the United States Department of Education, respectfully moves for summary affirmance of the Honorable Ellen S. Huvelle's February 14, 2013 Memorandum Opinion and Order dismissing this case for failure to state a claim upon which relief could be granted (copies attached). Summary disposition is appropriate in this case because the "merits of this appeal are so clear as to make summary affirmance proper." *Walker v. Washington*, 627 F.2d 541, 545 (D.C. Cir.), *cert. denied*, 449 U.S. 994 (1980); *accord Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297-98 (D.C. Cir. 1987) (per curiam) (summary affirmance appropriate where no benefit will be gained from further briefing and argument of the issues presented).

**Background**

Appellant Kevin D. Delbert, II, (hereinafter "Delbert") is a white male resident of the District of Columbia and a former student of the Art Institute of Washington in Arlington, Virginia. R. 1, ¶ 1.[1] From January 2010 through March 2012, he received tuition subsidies and transit benefits through the District of Columbia's Vocational Rehabilitation Program ("VRP"),[2] a program operated by the District of Columbia's Department of Disability Services ("DDS") and funded by a grant from the United States Department of Education. R. 1, ¶¶ 1, 10-11, 14.; *see* 29 U.S.C. § 720(a)(2); 34 C.F.R. 361.1. Delbert's supervisors in the VRP were two employees of the DDS, Deidre Burchette ("Burchette") and Yolanda Mitchell ("Mitchell"). R. 1, ¶ 9.

During the time Delbert was enrolled in the VRP, disagreements arose between Delbert and his supervisors on a number of issues, including the timing and use of Delbert's transit benefits, his course load, and the payment of Delbert's tuition. R. 1, ¶¶ 9, 10, 1, 14. On August 4, 2010, in light of his concerns, Delbert filed complaints about his transit benefits to the Department of Education ("DOE" or "Department") Office of Civil Rights ("OCR"). R. 1, ¶ 10. On March 21, 2011,

---

[1] Citations to "R. _" refer to the corresponding numerical entry in the District Court's docket.
[2] Delbert refers to the program as the "Vocational Rehabilitation Service." R. 1, ¶ 1. This name is inconsistent with the program information contained on the D.C. Department of Disability Services website, http://dds.dc.gov.

after conducting an investigation into Delbert's complaints, DOE issued a Final Agency Decision finding no discrimination. R. 20 at 1. On June 6, 2011, Delbert filed yet another complaint with DOE OCR that alleged that "retaliation [] took place after the formal investigation."

On June 22, 2012, Delbert filed a complaint with the "United States District and Bankruptcy Court for the District of Columbia" against Arne Duncan, Secretary of the U.S. Department of Education, Deidre Burchette, and Yolanda Mitchell. The June 6, 2011 complaint alleged that after Delbert filed his August 4, 2010 complaints, his supervisors subjected him to "harassment," a "hostile work environment," and retaliation for engaging in a protected activity, in violation of Title VI of the Civil Rights Act of 1964, as amended, *see* 42 U.S.C. § 2000d ("Title VI"), Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e *et seq.*, ("Title VII"), and Title IX of the Education Amendments of 1972, as amended, *see* 20 U.S.C. § 1681 ("Title IX"), thereby depriving him of his substantive and procedural due process rights in violation of 42 U.S.C. § 1983. R. 1, ¶¶ 21-23, 25-27, 33-35, 37-38.[3] Delbert's complaint also alleged that his DOE OCR complaints were either not properly processed or not properly investigated. R.1, ¶¶ 18-19.

---

[3] As Burchette and Mitchell were employees of VRP, and thereby of DDS, which falls under the purview of the District of Columbia and not the federal government, this motion for summary affirmance does not address the claims against Burchette and Mitchell.

3

On February 14, 2013, the District Court entered a memorandum opinion and order dismissing the complaint pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

## Argument

### I.   Delbert's Complaint Failed to State a Claim Upon Which Relief Could Be Granted.

This Court should affirm the holding of the District Court dismissing the instant action on the basis that Delbert failed to state a claim upon which relief could be granted.  This Court applies a *de novo* standard of review to the District Court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011), *citing Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009).  A court should dismiss a complaint for failure to state a claim only if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To state a facially plausible claim, a complaint must set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To determine whether the District Court appropriately dismissed Delbert's action for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, this Court must accept his factual allegations as true, *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997), *citing Albright v. Oliver*, 510 U.S. 266, 268 (1994), and draw all factual inferences in his favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### A. Delbert Has No Claim Against DOE Under Title VII Because He Failed to Establish an Employment Relationship with DOE.

Under Title VII, it is against the law for an employer to discriminate against an employee or applicant for employment "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Furthermore, it is unlawful for an employer to discriminate against an employee or applicant for employment if that employee or applicant files a complaint of discrimination. 42 U.S.C. § 2000e(a)(2). Under Title VII, the proper defendant to an action is "the head of the department, agency, or unit, as appropriate. 42 U.S.C. § 2000e-16(c). The plaintiff bringing the Title VII claim must be an employee of the defendant agency, *see* 42 U.S.C. § 2000e(f). This means that Title VII covers only "employees in a direct employment relationship with the employer." *Spirides v. Reinhardt*, 613 F.2d 826, 829 (D.C. Cir. 1979); *see also Redd v. Summers*, 232 F.3d 933, 939-940 (D.C. Cir. 2000); *Khaksari v. Chairman, Broad. Bd. of Governors*, 451 Fed. Appx. 1, 4 (D.C. Cir. 2011).

As the District Court correctly noted, Delbert's complaint fails to allege that he was an employee or an applicant for employment with the Department of

5

Education. While Delbert mentions that he was a "student-client" of VRP, "a "full-time student" at the Art Institute of Washington in Arlington, Virginia, and is currently "unemployed," *see* R. 1, ¶¶ 1, 18, he fails to state at any point whether he is an employee or applicant for employment with the Department of Education. This missing fact is fatal to Delbert's Title VII claim because its absence causes him to be unable to assert a direct employment relationship with the Department. Due to the fact that Delbert's complaint fails to establish a direct employment relationship with the Department, all of his Title VII claims against the Department must fail. *See, e.g.*, *Redd*, 232 F.3d at 939-940; *Khaksari*, 451 Fed. Appx. at 4. Therefore, this Court should summarily affirm the holding of the District Court in finding that Delbert failed to state a claim upon which relief could be granted.

### B. Delbert's Title IX Claims Fail Because He Fails to Allege Any Discrimination Based on His Sex.

"Title IX of the Education Amendments of 1972 prohibits discrimination on the basis of sex in federally funded educational programs and activities." *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 934 (D.C. Cir. 2004); *see* Education Amendments of 1972, Pub. L. No. 92-318, Title IX, §§ 901-907, 86 Stat. 235, 373-75 (*codified as amended at* 20 U.S.C. § 1681 *et seq.* (2000)). Title IX provides that a person cannot be "excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or

6

activity receiving Federal financial assistance" on the basis of his sex. 20 U.S.C. § 1681(a); *see Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 179-80 (2005).

Delbert failed to allege a Title IX cause of action with the Department of Education. Per Count III of Delbert's complaint, Delbert states that "the Agency[4] took adverse actions and retaliated against [him] after he engaged in protected activity," which thereby "violated Title VII." R. 1, ¶¶ 29-31. However, this language clearly points to a claim under Title VII, *not* Title IX, and that Title VII claim fails because, as delineated above, Delbert fails to properly allege the existence of an employment relationship between himself and the Department. Furthermore, the claim addressed the "Agency" and not the Department, and so it should be interpreted by this Court as a claim against DDS and not DOE.

However, even if this Court determines that Delbert did intend to raise a claim under Title IX against the Department, "[t]he threshold issue for any Title IX claim is whether there has been any discrimination based on sex." R. 23 (citation omitted); *see also Women Prisoners of the D.C. Dep't of Corrections v. District of Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996) ("The threshold inquiry in evaluating an equal protection claim is, therefore, 'to determine whether a person is similarly situated to those persons who allegedly received favorable treatment.' We believe

---

[4] Per Delbert's complaint, "Agency" refers to the "Vocational Rehabilitation Service," which, as described *supra*, is interpreted by the Department as meaning the Vocational Rehabilitation Program, or VRP. *See* R. 1, ¶ 3.

7

the same principle should apply in Title IX cases.") (quoting *United States v. Whiton,* 48 F.3d 356, 358 (8th Cir. 1995)).

The District Court correctly noted that, aside from Delbert's mere mention of his sex at the outset of his Complaint, *see* R. 1, ¶ 1, absolutely no factual allegations existed in the complaint to suggest sex discrimination. R. 23 at 7. Delbert's failure to allege any facts that could possibly give rise to a finding of sex discrimination is fatal to his attempt to bring a cause of action under Title IX. Because Delbert failed to allege any facts that could give rise to a cause of action under Title IX, this Court should summarily affirm the holding of the District Court.

### C. Delbert's Title VI Claims Fail Because He Failed to Allege Any Facts Linking the Adverse Actions He Allegedly Suffered to His Race, Color, or National Origin.

Under Title VI, a person shall not "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" based on the person's race, color, or national origin. 42 U.S.C. § 2000d.

Delbert's complaint was bereft of any factual allegations linking the adverse actions he allegedly suffered with his race, color, or national origin. Instead, Delbert merely mentioned at the outset of his complaint that he was a white male, R. 1, ¶ 1, and this fact was never mentioned again. While Delbert did assert a Title

8

VI violation, *see* R.1, ¶¶ 37-38, he never explicitly stated or alleged any connection between his race and (a) his engagement in protected activity or (b) alleged adverse actions suffered at the hands of the Department. *See generally* R. 1.

As the District Court correctly stated, in bringing a Title VI claim, it is not enough to merely mention one's race or color when that fact has no apparent bearing on the events giving rise to alleged claims. R. 23 at 8 (citations omitted); *see Middlebrooks v. Godwin Corp.*, 424 Fed. Appx. 10, 11 (D.C. Cir. 2011), *citing Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 662 (affirming on that grounds that "[e]ven when appellant's complaint and other filings are viewed in the light most favorable to [him], and even when all reasonable inferences are drawn in [his] favor, [he] alleged *no facts* supporting an inference that [he] was a victim of discrimination . . . based on race or color."). As Delbert failed to allege any facts against the Department that could give rise to a finding of discrimination under Title VI, this Court should summarily affirm the District Court's holding.

## **Conclusion**

For the foregoing reasons, DOE respectfully requests that this Court summarily affirm the judgment of the District Court.

> RONALD C. MACHEN JR.,
> United States Attorney.
>
> R. CRAIG LAWRENCE,
> Assistant United States Attorney.
>
> */s/ John H. Spittell*
> JOHN H. SPITTELL
> Special Assistant United States Attorney
> 555 Fourth Street, NW
> Washington, DC 20530
> (202) 514-7139
> john.spittell@usdoj.gov

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

I HEREBY CERTIFY that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and contains 2,203 words.

*/s/ John H. Spittell*
JOHN H. SPITTELL
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, this 24th day of June, 2013, I caused a copy of the foregoing Brief for Appellee to be served by the Court's ECF system on Amicus, and by first class U.S. mail addressed to *pro se* Appellant at:

Kevin Delbert
500-H Kensington Place
Asheville, NC 28803

*/s/ John H. Spittell*
JOHN H. SPITTELL
Special Assistant United States Attorney