# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 13-5135**　　　　　　　　　　　　　　**September Term, 2013**

**1:12-cv-01024-ESH**

**Filed On:** November 14, 2013

Kevin Delbert,

      Appellant

   v.

Arne Duncan, Secretary, U.S. Department of
Education, et al.,

      Appellees

     **BEFORE:**　　Rogers, Tatel, and Srinivasan, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the response thereto, and the reply; the motion for leave to file a lodged surreply; the motion for appointment of counsel; and the court's order to show cause filed July 25, 2013, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that the motion for leave to file a surreply be granted. The Clerk is directed to file the lodged surreply. It is

**FURTHER ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the federal appellee's motion for summary affirmance be granted, and on the court's own motion, that the district court's February 14, 2013 order be summarily affirmed as to the remaining appellees. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

Appellant failed to state a claim under Title VII of the Civil Rights Act because he did not allege an employment relationship with either the Department of Education or

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 13-5135**                               **September Term, 2013**

the District of Columbia's Department of Disability Services.  See Spirides v. Reinhardt, 613 F.2d 826, 829 (D.C. Cir. 1979).  In addition, appellant's claims under Title VI of the Civil Rights Act and Title IX of the Education Amendments failed to state a claim because appellant's complaint lacked any factual allegations linking the claimed adverse actions to his race, color, national origin, or sex.  See 42 U.S.C. § 2000d; 20 U.S.C. § 1681(a).  Appellant's claim under 42 U.S.C. § 1983 was properly dismissed because he did not sufficiently allege a violation of his due process rights.  See Elkins v. District of Columbia, 690 F.3d 554, 561 (D.C. Cir. 2012); Butera v. District of Columbia, 235 F.3d 637, 651 (D.C. Cir. 2001).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**